NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ILIGHT TECHNOLOGIES, INC.,**
*Plaintiff-Appellee,*

v.

**FALLON LUMINOUS PRODUCTS CORPORATION,**
*Defendant-Appellant.*

---

2009-1342

---

Appeal from the United States District Court for the Middle District of Tennessee in
case no. 2:06-CV-0025, Judge William J. Haynes, Jr.

---

Before MAYER, SCHALL, and GAJARSA, *Circuit Judges.*

SCHALL, *Circuit Judge.*

## O R D E R

iLight Technologies, Inc. ("iLight") petitions for rehearing of our April 20, 2010 decision in this case. *iLight Technologies, Inc. v. Fallon Luminous Prods. Corp.*, No. 2009-1342, 2010 WL 1558939 (Fed. Cir. Apr. 20, 2010). That decision grew out of iLight's suit against Fallon Luminous Products Corporation ("Fallon") in the United States District Court for the Middle District of Tennessee for infringement of claims 8 and 25 of U.S. Patent No.

6,592,238 ("the '238 patent"); claims 1 and 8 of U.S. Patent No. 6,593,262 ("the '262 patent"); and claims 1, 5, and 8 of U.S. Patent No. 7,188,970 ("the '970 patent"). Following a jury trial, all asserted claims were found both not invalid and willfully infringed. After denying Fallon's motion for a new trial and its renewed motion for judgment as a matter of law, the district court entered final judgment in favor of iLight, awarding iLight $2 million in compensatory damages and $1 million in increased damages for willfulness. In addition, the court permanently enjoined Fallon from infringing the three patents. Finally, the court awarded iLight $1,760,391.54 in attorney fees and costs.

In our April 20, decision, we vacated the judgment of the district court and the permanent injunction entered against Fallon and remanded the case to the district court for further proceedings consistent with our opinion. We did so after concluding that the district court had erred in its construction of the claim limitations "rod" and "rod-like." The term "rod" appears in claims 1 and 8 of the '262 patent and claim 5 of the '970 patent. The term "rod-like" appears in claim 8 of the '238 patent and claims 1 and 8 of the '970 patent. Neither term appears in claim 25 of the '238 patent. "Rod" and "rod-like" are used with reference to the claimed invention's waveguide, designated **12** in Figure 1 of the specification in all three patents.

iLight seeks rehearing on the ground that our holding that the district court erred in its claim construction relates only to claim 8 of the '238 patent, claims 1 and 8 of the '262 patent, and claims 1, 5, and 8 of the '970 patent. That is so, iLight argues, because it is only those claims that contain either the limitation "rod" or "rod-like." iLight contends that, because claim 25 of the '238 patent includes neither the limitation "rod" nor "rod-like," the judgment of infringement of that claim should remain

undisturbed.  Accordingly, iLight asks us to grant rehearing for the purpose of correcting our April 20 decision to state (i) that the judgment of willful infringement of claim 25 is affirmed; (ii) that Fallon is liable for $2 million in compensatory damages, as well as enhanced damages, attorney fees, and costs; and (iii) that the permanent injunction entered by the district court remains in place with respect to claim 25 of the '238 patent.

Having considered iLight's petition for rehearing, Fallon's response thereto, and iLight's reply, we grant iLight's petition for the limited purpose of clarifying our April 20 decision.  We do so in order to make it clear that our April 20 decision covers claim 25 of the '238 patent, as well as the other claims at issue in the case.

On appeal, Fallon argued that the district court erred in its claim construction because the construction failed to reflect the patent applicants' "unambiguous disavowal [during prosecution] of hollow, thin walled diffusers and [the] express limitation [of the invention] to solid rods to distinguish prior art."  *See* Appellants' Br. 33.  Fallon contended that, under a correct construction of "rod" and "rod-like," its devices do not infringe.  *Id.* at 35.

In our April 20 decision, we held that, during prosecution, in order to avoid certain prior art, the applicants unequivocally disclaimed non-essentially solid structure. *iLight Technologies, Inc. v. Fallon Luminous Prods. Corp.*, 2010 WL 1558939, at *4 (Fed. Cir. Apr. 20, 2010).  We based our holding on the following prosecution statement by the applicants: "[T]o achieve the desired light intensity and uniformity, the rod must preferentially direct light along its length while also urging the light out of a lateral surface.  This requires an essentially solid rod with optical waveguide and light scattering characteristics."  *Id.* We stated that "[t]he jury should have been instructed

that the claimed invention did not included 'hollow' structure for the waveguide and that, in order to infringe, structure in the accused Fallon products corresponding to the waveguide could not be 'hollow.'" *Id.* at *5.

The analysis in our April 20 decision covers claim 25 of the '238 patent. After making the statement to the Examiner which we have quoted above, the applicants concluded as follows: "Therefore, for the reasons stated above, Applicants respectfully submit that none of the claims of the present application, as amended, are anticipated or obvious . . . ." Significantly, among "the claims of the present application" was claim 42, which issued as claim 25 of the '238 patent. Applicants' disclaimer of hollow structures thus clearly extended to what is now claim 25. Moreover, beyond that, claim 25 describes "a light transmitting member of a predetermined length having a substantially curved front surface and a light receiving lateral surface . . . ." '238 patent, col. 11, ll. 55-57. At the same time, claim 8 of the '238 patent describes "a substantially rod-like member having a predetermined length with a lateral light receiving surface and a lateral curved light emitting surface having a predetermined circumferential width . . . ." *Id.*, col. 10, ll. 44-47. Thus, although claim 25 does not contain the term "rod" or "rod-like," it covers the same structure as claim 8, which does contain one of those terms.

In sum, we have no difficulty concluding that the applicants' disavowal of hollow structure was directed to the invention as a whole. *See, e.g.*, *Ekchian v. Home Depot, Inc.*, 104 F.3d 1299, 1304 (Fed. Cir. 1997) ("by distinguishing the claimed invention over the prior art, an applicant is indicating what the claims do not cover"); *Ormco Corp. v. Align Technology, Inc.*, 498 F.3d 1307, 1315-16 (Fed. Cir. 2007) (a disavowal of scope as to the general nature of an invention limits all claims where the

statements made in prosecution history are not associated with particular claim language); *Saunders Group, Inc. v. Comfortrac, Inc.*, 492 F.3d 1326, 1333 (Fed. Cir. 2007) (only disclaimers that distinguish the prior art by focusing on a particular claim limitation are not directed to the invention as a whole). Here, the statements made during prosecution clearly indicate that none of the claims should be read so broadly as to encompass the distinguished prior art hollow waveguide structure. Therefore, the disavowal of claim scope extends to claim 25, as well as to the other claims at issue. We therefore reject iLight's request that we correct our April 20 decision to state that the judgment of infringement of claim 25 of the '238 patent is affirmed.

ACCORDINGLY, IT IS ORDERED THAT:

> 1. iLight's petition for rehearing is granted for the limited purpose of clarifying our April 20 decision, as set forth above. In all other respects the petition is denied.

> 2. Except to the extent clarified by this Order, our April 20 decision is undisturbed.

> 3. The judgment of infringement, the award of damages, and the award of attorney fees and costs in favor of iLight are vacated. The permanent injunction entered against Fallon also is vacated. The case is remanded to the district court for further proceedings consistent with our April 20 decision and this Order. That means those proceedings will be based upon (1) the revised construction of the terms "rod" and "rod-like" described in our

April 20 decision; (2) the previous claim construction of the district court insofar as it was affirmed in our April 20 decision; and (3) our ruling that a hollow waveguide does not, as a matter of law, infringe any of the asserted claims, including claim 25 of the '238 patent.

FOR THE COURT

June 4, 2010                              /s/ Alvin A. Schall
_____        _____
Date                                            Alvin A. Schall
                                                      Circuit Judge